IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALARIE D. SEALS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ECOLAB, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: XXXX <br><br> JURY DEMANDED |

## COMPLAINT

Plaintiff, Valarie D. Seals ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Ecolab ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for Defendant discriminating against Plaintiff on the basis of her race during the course of her employment.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is an adult African American individual and a resident of Lockport, Illinois.

5. Defendant is, and was at all times relevant to the allegations herein, a foreign corporation organized under the laws of the State of Delaware doing business in Illinois and other surrounding states.

6. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Joliet, Illinois location.

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Title VII 42 U.S.C. § 2000e(b).

8. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the Title VII 42 U.S.C. § 2000e(f).

9. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

10. Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on or around February 13, 2017. Plaintiff's last position with Defendant was bottle line operator.

12. At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant when said job performance expectations were applied equally to similarly situated employees, regardless of race.

13. On several occasions, Plaintiff was written up for conduct that other similarly situated non-Black employees engaged in, but were not disciplined. Plaintiff was also verbally harassed by a Caucasian manager on frequent occasion during her employment, which he did not subject Plaintiff's similarly situated non-Black coworkers to.

14. In addition to the verbal harassment and less severe discriminatory disciplinary actions Plaintiff received, she was suspended without pay in excess of 30 days by Defendant for not shutting down a machine that was producing product with irregular viscosity, which resulted in loss of product.

15. At that time of the incident, all supervisors and managers were in a meeting, so Plaintiff approached a similarly situated Caucasian coworker, who had more experience than Plaintiff, to explain the situation. The coworker instructed Plaintiff to keep running the machine and later admitted to this, yet he was not disciplined for the incident.

16. In or around March 2021, Plaintiff was running machine to create a relatively new product that employees were still in the process of learning about. Protocols for machine operation to create the product had also recently been changed.

17. When Plaintiff started her shift, the machine was incorrectly configured by the operators on the shift before her, which caused product loss, and resulted in Defendant terminating Plaintiff.

18. The similarly situated Caucasian bottle line operator and Caucasian supervisor on the shift before Plaintiff's, were responsible for originally improperly calibrating the machine and, therefore, the loss of product, yet the bottle line operator was only suspended and the supervisor was not disciplined at all.

19. The decision makers for all disciplinary actions taken against Plaintiff were non-

Black.

## COUNT I
## (TITLE VII RACE DISCRIMINATION)

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

21. Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of race.

22. By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her race, including but not limited to excessive discipline and verbal harassment.

23. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

24. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

25. Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT I**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count I and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c) Award Plaintiff punitive damages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff equitable/injunctive relief;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## (SECTION 1981 RACE DISCRIMINATION)

26. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

27. Section 1981 prohibits employers from discriminating against employees on the basis of race or ethnicity in the making, performing, modifying, and termination of contracts employment contracts, including at-will employment contracts.

28. By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

29. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his race and ethnicity in the performance and termination of the at-will employment contract when it subjected her to excessive discipline and verbal harassment on the basis of her race.

30. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

31. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

32. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count II and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

    b)      Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

    c)      Award Plaintiff punitive damages;

    d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

    e)      Award Plaintiff equitable/injunctive relief;

    f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

VALARIE D. SEALS

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
*Msmith39950@aol.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VALARIE D. SEALS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: XXXX** |
| **ECOLAB, INC.,** ) | |
| ) | **JURY DEMANDED** |
| **Defendant.** ) | |
| ) | |

**COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 440-2021-06150 |

and EEOC

*State or local Agency, if any*

S.S. No.

**NAME** *(Indicate Mr., Ms., Mrs.)*
Valarie D. Seals

**HOME TELEPHONE** *(Include Area Code)*
(815) 919-2405

**STREET ADDRESS**
311 Dellwood Avenue

**CITY, STATE AND ZIP CODE**
Lockport, Illinois 60441

**DATE OF BIRTH**
1970

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
Ecolab

**NUMBER OF EMPLOYEES, MEMBERS**

**TELEPHONE** *(Include Area Code)*

**STREET ADDRESS**
3001 Channahon

**CITY, STATE AND ZIP CODE**
Joliet, Illinois 60436

**COUNTY**
Will

**NAME**

**TELEPHONE NUMBER** *(Include Area Code)*

**STREET ADDRESS**

**CITY, STATE AND ZIP CODE**

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

| [X] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION | [ ] AGE |
| [ ] RETALIATION | [ ] NATIONAL ORIGIN | [ ] DISABILITY | [X] OTHER *(Specify)* Hostile Work Environment | |

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST *(ADEA/EPA)*: April 2021
LATEST *(ALL)*: Present

[X] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent on February 13, 2017. MY most recent position Bottle line Operator. I have been subjected to excessive discipline due to by race (African-American) and my sex (Female). I have tried filing a grievance due to my treatment however, the hostile work environment and unjust treatment contines.

I believe that I have been treated to excessive and wrongful treatment based on my race and sex in violation of Title VII of the Civil Rights Act of 194 as amended

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*Valarie Seals*

Date 08/20/2021   Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VALARIE D. SEALS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.: XXXX** |
| **ECOLAB, INC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street ,
Chicago ,Illinois ,60604
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Ms. Valarie D. Seals
c/o Michael T. Smith, Esq.
LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES
10 N. Martingale Rd., Suite 400
Schaumburg, IL  60173

Charge No: 440-2021-06150

EEOC Representative and email:     Grace Gountanis
Investigator
grace.gountanis@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2021-06150.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
3/30/2022

Julianne Bowman
District Director

**Cc:**
ECOLAB INC.

Please retain this notice for your records.